IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

**HUNTINGTON DIVISION**

DREMA WATSON,

                Plaintiff,

v.                                CIVIL ACTION NO.   3:22-0153

ERIE INSRUANCE PROPERTY &
CASUALTY COMPANY and
BENJAMIN WESTFALL (in name only),

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant's Partial Motion to Dismiss. ECF No. 3. Defendant argues that Count III and Count IV should be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) because the Complaint does not contain factual allegations against Defendant that support the claims. Plaintiff did not file a response. For the following reasons, the Court **GRANTS** this Motion. ECF No. 3.

**BACKGROUND**

Plaintiff filed her Complaint on February 24, 2022, in the Circuit Court of Wayne County. ECF No. 1-1. Defendant removed the action to this Court on March 29, 2022. ECF No. 1. The case arises out of a vehicle accident that occurred on September 13, 2020. According to the Complaint, Plaintiff was driving southbound on Green Valley Road in Huntington, West Virginia when Defendant Benjamin Westfall, operating a 2007 Ford 500 hardtop rounded a curve while exceeding the speed limit and crossed the double yellow line, hitting Plaintiff's car. ECF No. 1-1.

Because of this accident, Plaintiff suffered personal injury and her vehicle was declared a total loss. *Id.*

At the time of the accident, Defendant Westfall had an automobile liability policy issued by Geico Insurance Company. *Id.* Geico issued $100,000 to Plaintiff—the policy limit; however her damages exceeded this policy limit. *Id.*

At the time of the accident, Plaintiff's vehicle was insured by Defendant Erie Property & Casualty Insurance Company. *Id.* This action seeks to collected underinsured motorist benefits under Plaintiff's insurance policy. *Id.* Under Plaintiff's policy (No. Q056104436), Defendant is required to pay money or to take action pursuant to the underinsured motorist liability obligation in the event that an insured suffers a loss or damage within the underinsured motorist liability coverage. *Id.* Plaintiff argues that Defendant incurred an obligation to compensate Plaintiff under this policy provision because Plaintiff was involved in a motor vehicle collision in a covered vehicle with an underinsured motorist. *Id.* However, Plaintiff asserts that Defendant has not paid reasonable amounts under this policy, breaching the insurance contract. *Id.*

Plaintiff's Complaint brings claims for Negligence (Count I), Breach of Contract (Count II), Violation of Unfair Claim Settlement Practices Act (Count III), and Bad Faith (Count IV).

## STANDARD OF REVIEW

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the United States Supreme Court disavowed the "no set of facts" language found in *Conley v. Gibson*, 355 U.S. 41 (1957), which was long used to evaluate complaints subject to 12(b)(6) motions. 550 U.S. at 563. In its place, courts must now look for "plausibility" in the complaint. This standard requires a plaintiff to set forth the "grounds" for an "entitle[ment] to relief" that is more than mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555 (internal

quotation marks and citations omitted). Accepting the factual allegations in the complaint as true (even when doubtful), the allegations "must be enough to raise a right to relief above the speculative level . . . ." *Id*. (citations omitted). If the allegations in the complaint, assuming their truth, do "not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id*. at 558 (internal quotation marks and citations omitted).

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court explained the requirements of Rule 8 and the "plausibility standard" in more detail. In *Iqbal*, the Supreme Court reiterated that Rule 8 does not demand "detailed factual allegations[.]" 556 U.S. at 678 (internal quotation marks and citations omitted). However, a mere "unadorned, the-defendant-unlawfully-harmed-me accusation" is insufficient. *Id*. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility exists when a claim contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). The Supreme Court continued by explaining that, although factual allegations in a complaint must be accepted as true for purposes of a motion to dismiss, this tenet does not apply to legal conclusions. *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted). Whether a plausible claim is stated in a complaint requires a court to conduct a context-specific analysis, drawing upon the court's own judicial experience and common sense. *Id*. at 679. If the court finds from its analysis that "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Id*. (quoting, in part, Fed. R. Civ. P. 8(a)(2)). The Supreme Court further

articulated that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.*

## DISCUSSION

Defendant argues that Plaintiff's claims in Counts III and IV should be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) because the Complaint does not contain factual allegations against Defendant that support these claims. The Court will address each Count.

1. Count III – Violation of Unfair Claim Settlement Practices Act

The Unfair Trade Practices Act serves to regulate trade practices in the business of insurance. W. VA. CODE § 33-11-1. The Act prohibits certain acts from being "commit[ted] or perform[ed] with such frequency as to indicate a general business practice[.]" *Id.* § 33-11-4(9). Here, Plaintiff alleges that Defendant, "through its agents, or representatives, acted with actual, willful, and wanton misconduct in the handling of the claim." *Pl.'s Compl.*, ECF No. 1-1, at 5.

However, Plaintiff raises no facts to support this assertion. Plaintiff cites to no discrete violation of the Act, but merely concludes that, because Defendant has not paid her under her policy's underinsurance coverage, Defendant acted with "actual, willful, and wanton misconduct." *Id.* But Plaintiff identifies no such conduct; her claim asserts only an unsupported conclusion. Further, Plaintiff has not filed a response to support her claim. Thus, the Court **GRANTS** Defendant's Motion as to Count III.

2. Count IV – Bad Faith

Plaintiff further asserts that Defendant "acted with actual malice in denying the appropriate benefits of the insurance policy" and that Defendant's "actions were intentional, malicious, and with a total disregard to the rights of the Plaintiff and such actions amount to first party 'bad faith.'" *Id.* "'A first-party bad faith action is one wherein the insured sues his/her own insurer for failing to use good faith in settling a claim brought against the insured or a claim filed by the insured.'" *State ex rel. State Auto Prop. Ins. Cos. v. Stucky*, 806 S.E.2d 160, 165 (W. Va. 2017) (quoting *State ex rel. Allstate Ins. Co. v. Gaughan*, 508 S.E.2d 75, 86 (W. Va. 1998)). To assert a claim for common law bad faith, there must exist an obligation to pay a claim. *Patterson v. Westfield Ins. Co.*, 516 F. Supp. 3d 557, 565 (N.D. W. Va. 2021) (citing *Hawkins v. Ford Motor Co.*, 566 S.E.2d 624, 629 (W. Va. 2002)).

Plaintiff's policy (No. Q056104436) included underinsured motorist coverage. *See* ECF No. 1-6. Plaintiff asserts that she made a valid claim under that policy and that Defendant had an obligation to pay under the underinsured coverage. While Plaintiff alleges that Defendant breached its contract by failing and refusing to pay Plaintiff under her policy, she does not point to concrete actions on behalf of Defendant that she alleges are "intentional and malicious." Further, Plaintiff did not respond to this Motion to argue that she provides any facts to state a claim for bad faith. Thus, the Court **GRANTS** Defendant's Motion as to Count IV.

## CONCLUSION

Plaintiff failed to allege sufficient facts to state claims under the Uniform Trade Practices Act and for bad faith. As to Counts III and IV, Plaintiff's Complaint contains merely conclusions. Therefore, the Court **GRANTS** Defendant's Motion (ECF No. 3) and **DISMISSES** Counts III and IV.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and

Order and Notice to counsel of record and any unrepresented parties.


ENTER:        May 12, 2022


ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE